IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHELLE W.,[1]                                    Case No. 2:19-cv-01517-AC

             Plaintiff,              **OPINION AND ORDER**

      v.

ANDREW M. SAUL, Commissioner of
Social Security,

             Defendant.

---

**ACOSTA, U.S. Magistrate Judge.**

Michelle W. ("Plaintiff") brings this appeal challenging the Commissioner of the Social

Security Administration's ("Commissioner") denial of her applications for Disability Insurance

Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social

Security Act. The only issue in dispute on appeal is whether the court should remand this case for

further proceedings or for an award of benefits. The court has jurisdiction to hear this appeal

pursuant to 42 U.S.C. § 1383(c)(3), which incorporates the review provisions of 42 U.S.C. §

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last
name of the non-governmental party in this case. Where applicable, this opinion uses the same
designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

405(g).  Because a careful review of the entire record reveals serious questions as to whether Plaintiff is disabled, the court grants the Commissioner's motion to remand (ECF No. 20), and remands this case for further proceedings.[2]

*Standard of Review*

The district court may set aside a denial of benefits only if the Commissioner's findings are "'not supported by substantial evidence or [are] based on legal error.'"  *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)).  Substantial evidence is defined as "'more than a mere scintilla [of evidence] but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

The district court "cannot affirm the Commissioner's decision 'simply by isolating a specific quantum of supporting evidence.'"  *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)).  Instead, the district court must consider the entire record, weighing the evidence that both supports and detracts from the Commissioner's conclusions.  *Id.*  Where the record as a whole can support either a grant or a denial of Social Security benefits, the district court "'may not substitute [its] judgment for the [Commissioner's].'"  *Bray*, 554 F.3d at 1222 (quoting *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007)).

\ \ \ \ \

\ \ \ \ \

---

[2] The parties have consented to jurisdiction by magistrate judge pursuant to 28 U.S.C. § 636(c).

*Background*

I. Plaintiff's Application.

Born in November 1973, Plaintiff was thirty years old on her alleged disability onset date of August 22, 2004. (Tr. 381.)  Plaintiff completed high school and two years of college. (Tr. 409.)  She has past relevant work experience as a hair stylist. (*Id.*)  In her applications for benefits, Plaintiff alleged disability due to depression, anxiety, PTSD, fibromyalgia, memory problems, pain in her leg, left knee and back, carpal tunnel syndrome, and obesity. (Tr. 408.)

The Commissioner denied Plaintiff's applications initially and upon reconsideration and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on August 20, 2005. (Tr. 224-25, 258-59, 312.)  Plaintiff and a vocational expert ("VE") appeared and testified at a hearing held on December 7, 2017. (Tr. 136-86.)  After the hearing, the ALJ issued a written decision denying Plaintiff's applications for SSI and DIB. (Tr. 101-14.)  Plaintiff now seeks judicial review of that decision.

II. The Sequential Analysis.

A claimant is considered disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).  "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011).  Those five steps are: (1) whether the claimant is currently engaged in any substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant is capable of

performing other work that exists in significant numbers in the national economy. *Id.* at 724-25. The claimant bears the burden of proof for the first four steps. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the burden at any of those steps, the claimant is not disabled. *Id.*; *Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987).

The Commissioner bears the burden of proof at step five of the sequential analysis, where the Commissioner must show the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett*, 180 F.3d at 1100. If the Commissioner fails to meet this burden, the claimant is disabled. *Bustamante*, 262 F.3d at 954 (citations omitted).

III.  The ALJ's Decision.

The ALJ applied the five-step sequential evaluation process to determine if Plaintiff is disabled. (Tr. 101-14.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 9, 2014, her amended alleged onset date. (Tr. 104.) At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: morbid obesity; mild osteoarthritis of the bilateral knees; degenerative disc disease of the lumbar spine; status-post cholesytectomy syndrome with incontinence; diabetes mellitus; depressive disorder; anxiety disorder; personality disorder; eating disorder; and post-traumatic stress disorder. (*Id.*)

At step three, the ALJ concluded that Plaintiff did not have an impairment that meets or equals a listed impairment. (Tr. 105.) The ALJ then concluded that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with the following limitations:

> standing/walking are limited to thirty minutes at a time. Postural activities can be performed on a frequent basis except the claimant can never climb stairs, ladders, ropes, or scaffolds. She can never kneel or crawl. [Plaintiff] must work in a building with access to a bathroom. She must avoid concentrated exposure to extreme cold, to

heavy industrial vibrations, and to all exposure to hazards. [Plaintiff] is able to understand, remember, and carry out simple, routine, and repetitive tasks and instructions. She can maintain attention and concentration for two hour intervals between regularly scheduled breaks. [Plaintiff] can handle simple changes in her work routine and simple judgment/decision making. She cannot work in a fast-paced production rate of work. She cannot work around the public and she cannot work around crowds, but she can have occasional, superficial (defined as non-collaborative with no team work) interaction with coworkers.

(Tr. 107.) At step four, the ALJ concluded that Plaintiff was unable to perform her past work as a

hair stylist. (Tr. 112.) At step five, the ALJ concluded that Plaintiff was not disabled because a

significant number of jobs existed in the national economy that she could perform, including

charge account clerk, document preparer, and printed circuit board assembler. (Tr. 113.)

*Discussion*

I. Applicable Law.

"Generally when a court of appeals reverses an administrative determination, 'the proper

course, except in rare circumstances, is to remand to the agency for additional investigation or

explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citation omitted). Often,

however, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a

district court not to remand for an award of benefits when [the three-part credit-as-true standard

is] met." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014). The credit-as-true standard is

met if the following conditions are satisfied: "(1) the record has been fully developed and further

administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally

sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3)

if the improperly discredited evidence were credited as true, the ALJ would be required to find the

claimant disabled on remand." *Id.* at 1020 (citations omitted).

Even when the credit-as-true standard is met, the district court retains the "flexibility to

remand for further proceedings when the record as a whole creates serious doubt as to whether the

claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021.

II. Analysis.

    *A. Part One.*

    In this appeal, Plaintiff argues that the ALJ erred by: (1) failing to provide legally sufficient reasons for discounting the opinion of Plaintiff's treating physician, Trisha Eckman, M.D.; (2) failing to provide legally sufficient reasons for rejecting the opinion of treating psychiatrist, Dr. Rice; (3) failing to provide legally sufficient reasons for discounting Plaintiff's symptom testimony; (4) formulating an incorrect RFC due to these errors; and (5) ignoring relevant VE testimony. She also alleges that the Appeals Council erred by declining to consider newly submitted evidence from Dr. Eckman.

    The Commissioner concedes that the ALJ erred by failing to consider the newly submitted evidence of Dr. Eckman. Thus, Plaintiff has met part one of the credit-as-true standard. *See Lara M. v. Saul*, No. 6:18-cv-00880-SB, 2019 WL 6045585, at *3 (D. Or. Nov. 15, 2019) ("There is no dispute that the ALJ failed to provide legally sufficient reasons for rejecting significant, probative evidence. . . . Therefore, Plaintiff has met part one of the credit-as-true standard.").

    *B. Parts Two and Three.*

    The court does not address whether Plaintiff satisfies parts two and three of the credit-as-true standard because it concludes that the record creates serious doubt whether Plaintiff is disabled. *See Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014) ("[W]e need not determine whether the [credit-as-true] requirements are met because, even assuming that they are, we conclude that the record as a whole creates serious doubt as to whether Claimant is, in fact,

disabled.").    The following inconsistencies in the record provide the basis for the court's conclusion that serious doubt exists whether Plaintiff is disabled.

First, Dr. Eckman opined that Plaintiff could sit, stand, and walk for less than three hours a day and that her mental and physical impairments would prevent her from performing physical and mental tasks on a regular basis.  (Tr. 124, 133.)  This opinion is inconsistent with other evidence in the record.  For example, consultative physician Lynne Jahnke, M.D., reviewed the entire record and concluded that Plaintiff would perform sedentary work despite her impairments. (Tr. 142-46.)  Dr. Jahnke's finding was supported by objective findings in the record, such as imaging of Plaintiff's knee. (Tr. 142-50.)

Further, Nancy Winfrey, Ph.D., reviewed the record and concluded that Plaintiff's mental impairments would not preclude performance of simple work with limited social interaction.  (Tr. 151-58.)  Dr. Winfrey noted that Plaintiff had responded positively to therapy and medications. (Tr. 156.)  The opinions of Drs. Winfrey and Eckman conflict with the erroneously rejected opinion of Dr. Eckman, and ALJ should be given the opportunity to resolve these conflicts on remand.

Finally, medical evidence in the record suggested that Plaintiff exaggerated her symptoms. Treating physician William Irvine, M.D., found three non-organic signs of back pain, including over-reaction or perceived exaggeration of pain.  (Tr. 109, 976.)  Dr. Irvine opined that Plaintiff should stay active and return to physical therapy, but he did not find "severe progressive symptoms" consistent with Plaintiff's testimony.  (Tr. 976.)  Despite this recommendation and her complaints of pain, Plaintiff failed to consistently pursue physical therapy for her back and knee. (Tr. 108, 969, 1206.)  She also failed to regularly take medication and engage in mental health counseling, despite allegations of severe mental and physical limitations that were improved

through medication. (Tr. 109, 782, 836, 840, 1090, 1099, 1110, 1115, 1139, 1145, 1154.) On this record, the Court has serious doubts about whether Plaintiff is disabled.

Because the record creates doubt whether Plaintiff is disabled, the court grants the Commissioner's motion to remand for further proceedings. *See Cochran v. Berryhill*, No. 3:17-cv-00334-SB, 2017 WL 6626322, at *7 (D. Or. Dec. 28, 2017) ("The Court agrees that a remand for further proceedings is necessary because the record contains cause for serious doubt as to whether Plaintiff is, in fact, disabled."); *Romo v. Berryhill*, No. 16-8655, 2017 WL 8181142, at *1 (C.D. Cal. Nov. 1, 2017) ("Because there are serious doubts as to whether Plaintiff is disabled, the Court vacates the ALJ's decision and remands the case on an open record for further proceedings."); *Hann v. Comm'r Soc. Sec. Admin.*, 219 F. Supp. 3d 1053, 1056 (D. Or. 2016) ("[B]ecause the record as a whole creates serious doubt as to whether Plaintiff is, in fact, disabled, the Court remands for further proceedings."). On remand, the ALJ should be given the opportunity to reconsider the entire record in view of the newly submitted evidence from Dr. Eckman; to make new findings regarding Plaintiff's RFC; and to determine whether Plaintiff can perform jobs that exist in the national economy.

## Conclusion

For the reasons stated, the court GRANTS the Commissioner's motion to remand (ECF No. 20), and remands this case for further proceedings.

IT IS SO ORDERED.

DATED this 30th day of October, 2020.

_____
JOHN ACOSTA
United States Magistrate Judge

PAGE 8 – OPINION AND ORDER